FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 14 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ARMANDO LEBRON,

                Petitioner,

-against-

WILLIAM LEE,

                Respondent.

-------------------------------------------------------------------X

13-CV-1852 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM AND
ORDER

ROSS, United States District Judge:

    Armando Lebron, a pro se prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 29, 2013, petitioner informed the court that he had filed a motion to vacate the judgment pursuant to N.Y. Crim. Proc. L. § 440.10 in the state court, and that Hon. Richard L. Buchter of the Supreme Court, Queens County, had denied the motion on April 15, 2013. Dkt. #6. Petitioner stated in his letter, "The Appellant is go to appeal this decision in Second Department, as soon as possible," id. at 1, and he attached the motion, id. at 19-34. The court understands petitioner to mean that he is planning to seek a certificate granting leave to appeal pursuant to N.Y. Crim. Proc. L. § 460.15, and, if granted, file an appeal pursuant to N.Y. Crim. Proc. L. § 450.15.

    The § 440.10 motion raises issues that were not raised in the federal habeas petition, including several claims of ineffective assistance of counsel including: (1) failure to object to a delayed DNA sampling request and the introduction of petitioner's DNA profile at trial; (2) failure to consult with and call a DNA expert to rebut the People's expert; (3) failure to object to the People's DNA expert's qualifications; and (4) failure to object to the introduction of DNA

population study evidence. If petitioner wishes to raise these issues in his federal habeas corpus petition, he must file an amended petition. However, these issues will not be reviewable by the federal court until they are fully exhausted in state court. See 28 U.S.C. § 2254(b)(1)(A).

Accordingly, the court will dismiss the petition without prejudice pending the resolution of petitioner's state court proceedings. Petitioner will be permitted to refile his petition after the Appellate Division denies leave to appeal.[1] Petitioner is advised that federal law imposes a strict one-year time limit on the filing of a habeas petition once the conviction has become final. 28 U.S.C. § 2244(d)(1). However, that time limit is tolled while "a properly filed application for State post-conviction or other collateral review with respect to pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2); see Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). Accordingly, petitioner's time limit has been tolled since he filed his § 440.10 motion, but will begin to run again if the Appellate Division denies leave to appeal. Petitioner is therefore cautioned to refile his petition **promptly** once the additional claims are exhausted.

For the foregoing reasons, the petition is dismissed without prejudice. The clerk of court is directed to enter judgment accordingly and close the case.

SO ORDERED.

/S/ Judge Allyne R. Ross
―――――――――――――――――
Allyne R. Ross
United States District Judge

Dated: May 14, 2013
Brooklyn, New York

―――――――――――――――――

[1] If the Appellate Division grants leave to appeal, but affirms the Supreme Court's denial of the § 440.10 motion on the merits, petitioner may seek further review in the New York Court of Appeals. See N.Y. Crim. Proc. L. § 450.90. If, however, the Appellate Division denies leave to appeal, petitioner will have reached "the end of the road within the state system," Klein v. Harris, 667 F.2d 274, 284 (2d Cir. 1981) (internal quotation marks omitted), and must then file his federal habeas petition.

**Service List:**

Armando Lebron
#09-A-0894
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12585-4000